**Application of BROWNE.**

Railroad & Public Utilities Commission.
March 18, 1957.

William P. Simmons, Jr., Miami, for the applicant.

Chairman ALAN S. BOYD and Commissioner JERRY W. CARTER participated in the disposition of this cause, Commissioner WILBUR C. KING not participating.

BY THE COMMISSION.

The commission by its duly designated examiner, Alfred E. Sapp, held a public hearing on this application at the commission hearing room, 2605 W. Flagler St., Miami, on February 5, 1957, pursuant to statutory notice.

After the hearing the examiner filed his report and recommendations in the form of a proposed order wherein he recommended granting the application. The commission having considered the record in this cause and the examiner's proposed order, now enters its order in the premises.

Edward L. Browne, d/b/a Fort Lauderdale Travel Service, is presently authorized under his certificate of public convenience and necessity #394 to conduct, among other operations, three sightseeing tours originating in Fort Lauderdale and running over prescribed routes to Palm Beach to Dade County and Bok Tower, with service limited to buses of 12-passenger capacity or less. By this application, he seeks removal of the existing restriction contained in said certificate prohibiting use of buses larger than 12-passenger capacity and an extension of said certificate to authorize evening sightseeing tours from Fort Lauderdale and Hollywood to night clubs located in Dade and Broward counties.

Applicant also seeks approval of an operating agreement with Broward Transit Co. relating to the sightseeing authority of Browne's certificate. Broward Transit Co. holds certificate of public convenience and necessity #348 authorizing sightseeing service from the city of Hollywood to points and places within Dade and Broward counties. The purpose of the operating agreement is to combine in some respects the sightseeing services of the applicant and those of Broward Transit Co. Under the operating agreement, applicant would continue to operate that portion of the sightseeing service which might be performed in buses of 12 or less passenger carrying capacity, and Broward Transit Co. would also operate under it in transportation of passengers in buses of more than 12-passenger carrying capacity.

From the testimony and evidence adduced in this cause, the commission finds that the restriction contained in applicant's certificate limiting the passenger carrying capacity of its buses should be removed and that public convenience and necessity require the extension of certificate sought. The commission further finds, however, that the operating agreement between applicant and Broward Transit Co. should not be approved.

Although in 1950 we approved a four year operating agreement between applicant's predecessor, Fort Lauderdale Travel Service, Inc. and Broward Transit Co. relative to transportation to and from race tracks (order # 2375, docket #3011-CCB), this commission does not generally look with favor upon leases of operating

rights or approval of operating agreements under which a person other than the certificate holder conducts the certificate operations. This practice lends itself to, and encourages, trading in certificates and we have also found that it creates difficulties in enforcement of the laws and this commission's rules and regulations. As a general rule, the certificate holder should either operate his certificate or surrender it in order that a certificate may be issued to someone who is willing to operate it.

The operating agreement in the present case goes even further than most in that here the proposal is only to apply the agreement to vehicles of more than 12-passenger capacity. Under this operating agreement, two different carriers would, or could, operate at the same time under the sightseeing authority contained in this one certificate—one transporting passengers in vehicles of 12-passenger capacity or less and the other in vehicles of more than 12-passenger capacity. Also, under it, Broward Transit Co. would presumably in one bus transport passengers both under its own certificate and also under the certificate of Edward L. Browne. Such would lend itself to chaos from a regulatory standpoint and would tend to open the door to other operating agreements between carriers which would add other operators to the one authorized by the certificate to conduct the operations.

It is therefore ordered—

That certificate of public convenience and necessity #394 of Edward L. Browne, d/b/a Fort Lauderdale Travel Service, 1100 East Las Olas Blvd., Fort Lauderdale, be and it is extended to authorize sightseeing operations from Fort Lauderdale and Hollywood to night clubs located in Dade and Broward counties and return.

That the restriction heretofore existing in said certificate #394 prohibiting the use of buses of larger than 12-passenger capacity be and it is hereby canceled and removed.

That the application for approval of the sightseeing operating agreement between applicant and Broward Transit Co. be and it is hereby denied.